STANDING v. BRADY.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. APPEAL AND ERROR (§ 1015*)—SETTING ASIDE VERDICT—REVIEW.

　　The court on appeal will hesitate to reverse the action of the trial court setting aside a verdict as against the weight of the evidence.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1015.*]

2. MASTER AND SERVANT (§ 30*)—CONTRACT OF EMPLOYMENT—GROUNDS FOR DISCHARGE.

　　The refusal of an actor hired by a theatrical manager to play parts assigned to him, subject to the right of the manager to annul the contract during the rehearsals to play a part assigned him during rehearsals justifies his discharge, but the manager continuing the employment cannot subsequently rely thereon.

　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from Special Term, New York County.

Action by Paul Darrell Standing against William A. Brady. From an order setting aside a verdict for plaintiff as against the weight of the evidence and ordering a new trial, he appeals. Reversed, and verdict reinstated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Gerald B. Rosenheim, of New York City, for appellant.
Nathan Vidaver, of New York City, for respondent.

SCOTT, J. Plaintiff, an actor, was hired by defendant, a theatrical manager, for the season of 1910–11, guaranteed to be not less than 25 weeks commencing on or about September 15, 1910. By the agreement, which was in writing, plaintiff undertook to play such parts as should be assigned to him, and defendant reserved the right to annul the contract at any time during the progress of rehearsals. In August plaintiff was assigned to play a part in a production known as "The Nigger." He rehearsed several times, and then concluded that the part was unsuited to him, and objected to playing it. The disputed fact in the case was whether plaintiff positively refused to play the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

part, or whether he merely protested vigorously and defendant and his representatives finally acceded to his protestations.

[1] Upon conflicting evidence the jury resolved this question in plaintiff's favor. The trial justice apparently took a different view; and, if there were no other question in the case, we should hesitate to reverse his action, because his opportunities to judge of the weight to be given to the evidence of the several witnesses were necessarily far superior to ours.

[2] But even if it be assumed that the jury was wrong, and that plaintiff did positively refuse to play the part assigned to him, while this refusal would doubtless have justified an annulment of the contract and a discharge of the plaintiff, there is no evidence whatever that defendant ever did annul the contract or discharge the plaintiff. On the contrary, it appears without contradiction that in October, 1910, long after the alleged refusal, plaintiff sought a release from the contract, telling defendant that another manager desired his services, to which defendant replied by bidding him to hold on for a while. In fact, the defendant does not allege that he ever discharged plaintiff, merely alleging conduct which would have justified a discharge.

The order appealed from must be reversed, with costs and disbursements to appellant, and the verdict reinstated. All concur.